UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE REYES, | : |
| | : Civil No. 3:13-CV-974 |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : |
| | : |
| **Defendant** | : |

# MEMORANDUM OPINION

## I. Statement of Facts and of the Case.

On April 16, 2013, the *pro se* plaintiff, a federal prisoner formerly housed in the United States Penitentiary, Canaan, brought this action suing the United States and alleging that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (Id.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (Id.) Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff seeks damages from the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

The defendant has now moved to dismiss this complaint, citing a procedural failure by the plaintiff, a failure to timely file this complaint after exhausting his

administrative remedies. (Doc. 27.) Such timely filing is required by law before an inmate may proceed into federal court. This motion to dismiss was supported by a declaration indicating that the plaintiff filed this complaint more than 6 months after his administrative claim was denied. This motion, which we treated as a motion to dismiss, or in the alternative for summary judgment, is fully briefed by the parties, (Docs. 28, 34, 35 and 36), and is thus ripe for resolution.

With respect to this motion the pertinent facts can be simply stated: Following this food poisoning incident Reyes submitted an administrative tort claim to the Bureau of Prisons Regional Counsel's office on November 9, 2011. (Doc. 28, Declaration of Kimberly Sutton (Ex. A) ¶ 3; SF-95 (Attach. 1)). Shortly after filing this claim, on January 17, 2012 Reyes was transferred out of the United States Penitentiary Canaan to the Federal Correctional Institution Schuylkill. While Reyes has asserted that this transfer impeded his ability to file a compliant, the undisputed facts belie this assertion. Thus, on March 14, 2012, the Bureau of Prisons provided Reyes with an acknowledgment of the receipt of his administrative tort claim at his new place of confinement, FCI Schuylkill. (Doc. 28-1.) Further, several months later, on May 8, 2012, the Bureau of Prisons Regional Office notified Reyes that his tort claim was denied. (Id., Sutton Decl. ¶ 5; Denial Letter (Attach. 2).) This notification was also provided to Reyes at his current place of confinement, FCI Schuylkill, and informed Reyes that if he was dissatisfied with this decision, he "may bring an action against

the United States in an appropriate United States District Court within six (6) months of the date of this memorandum." (Id.) Despite this May 8, 2012 written notice that Reyes "may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum," Reyes did not file his complaint for another 11 months, until April 2013. In fact, Reyes' complaint, which is a simple form document, is dated April 11, 2013 and was docketed by the Court on April 16, 2013, almost a year after Reyes was notified that his administrative claim had been denied. (Doc. 1.)

On these facts, where nearly a year elapsed between the denial of the administrative claim and the filing of this lawsuit, for the reasons set forth below, the motion to dismiss will be granted and the plaintiff's complaint will be dismissed.

## II. Discussion

### A. Standards of Review

The defendant has moved to dismiss this complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1), in turn, permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to

the plaintiff. See id.; PBGC v. White, 998 F.2d 1192, 1196 (3d Cir.1993). In reviewing a factual attack, the court may consider evidence outside the pleadings. See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (citing Mortensen, 549 F.2d at 891). Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other gr'ds by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Moreover, to the extent that this motion considers matters beyond the pleadings we have also placed the parties on notice that we may treat this motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient

evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007). Moreover, a party who seeks to resist a summary judgment

motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995).

Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple Univ., 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

### B.     Jurisdictional Prerequisites, FTCA Claims

While the plaintiff, a federal prisoner, has sued the United States under the Federal Tort Claims Act, it appears that the plaintiff has indulged in a significant

procedural failure, a failure to timely file his complaint. The plaintiff's failure to timely pursue this case has substantive significance in this litigation. In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id. The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity." Id. The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674. Therefore, compliance with the procedures prescribed by the FTCA is a prerequisite to obtaining relief under this statute.

One of these prerequisites to suit under the FTCA is that a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed

> shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

Thus, prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Moreover, once an administrative claim is addressed by the agency, a dissatisfied claimant must promptly file suit. The failure to timely file a complaint will bar the plaintiff from proceeding in federal court. As the FTCA notes:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The FTCA imposes a twofold obligation of timeliness upon litigants. Thus, under the FTCA there is a two year period in which a claim must be tendered to the affected federal agency for its consideration. Wadhwa v. Nicholson, 367 F. App'x 322, 325 (3d Cir. 2010). Once the agency has acted upon the administrative claim, denying the claim, the plaintiff then has six months in which to proceed to court. Id. Further, "§ 2401(b)'s limitations periods must be read in the conjunctive. See Willis v. United States, 719 F.2d 608, 610–613 (2d Cir.1983); Houston v. U.S. Postal Serv., 823 F.2d

896, 902 (5th Cir.1987); Ellison v. United States, 531 F.3d 359, 362–63 (6th Cir.2008); Schuler v. United States, 628 F.2d 199, 201–02 (D.C.Cir.1980) (en banc) (per curiam). . . . . [Therefore] both limitations periods under § 2401(b) must be satisfied in order for an FTCA complaint to be timely." Seiss v. United States, 792 F. Supp. 2d 729, 732 (D.N.J. 2011).

However, "the FTCA's statute of limitations is not jurisdictional, and thus in appropriate circumstances the equitable tolling doctrine can apply in actions under it. Hughes v. United States, 263 F.3d 272, 278 (3d Cir.2001); see Hedges v. United States, 404 F.3d 744, 748 (3d Cir.2005) (federal courts apply equitable tolling to wide range of cases against the Government, including FTCA claims)." Santos ex rel. Beato v. United States, 559 F.3d 189, 194-95 (3d Cir. 2009). Equitable tolling requests, however, are judged by exacting standards. Thus, " 'a plaintiff will not receive the benefit of equitable tolling unless []he exercised due diligence in pursuing and preserving h[is] claim' because '[t]he principles of equitable tolling ... do not extend to "garden-variety claims of excusable neglect." ' Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453). The 'remedy of equitable tolling is extraordinary, and we will extend it only sparingly.' Hedges v. United States, 404 F.3d 744, 751 (3d Cir.2005). [In FTCA actions] 'it is especially appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States.' Santos, 559 F.3d at 197 (citing United States v.

Kubrick, 444 U.S. 111, 117-19, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979))." Jones v. United States, 366 F. App'x 436, 439 (3d Cir. 2010). Consequently,' "[e]quitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' Hedges, 404 F.3d at 751(internal citations omitted)."Jones v. United States, 366 F. App'x 436, 439-40 (3d Cir. 2010). Furthermore, where a plaintiff fails to show that his claims were subject to these specific grounds for equitable tolling, tolling is unavailable and the statute of limitations serves as a bar to further litigation. See e.g., Jones v. United States, 366 F. App'x 436, 439-40 (3d Cir. 2010); Hedges v. United States, 404 F.3d 744, 746 (3d Cir. 2005).

### C. The Statute of Limitations Bars Reyes' Claims

In this case, judged against these legal guideposts, we find that Reyes' claims are barred by the FTCA's statute of limitations. At the outset, given the FTCA's clear proscription that: "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented," 28 U.S.C. § 2401(b), it is clear that this action, which was filed 11 months

after Reyes received notice of the final denial of his administrative tort claim is presumptively time-barred.

Reyes cannot save this time-barred claim through equitable tolling of this statute of limitations. At the outset, we find that Reyes has failed to meet the first prerequisite for equitable tolling, due diligence. " '[A] plaintiff will not receive the benefit of equitable tolling unless []he exercised due diligence in pursuing and preserving h[is] claim' because '[t]he principles of equitable tolling ... do not extend to "garden-variety claims of excusable neglect." ' Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453)." Jones v. United States, 366 F. App'x 436, 439 (3d Cir. 2010). Here, Reyes has not shown due diligence in pursuing this claim. Rather, his approach towards the important issue of the statute of limitations has been marked by a measure of indifference, with the plaintiff characterizing this important legal limitation as a mere "claims processing" rule.

Further, Reyes has not shown that this case falls within any of the three narrow categories where equitable tolling is appropriate. As we have noted, "[e]quitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong

forum.' Hedges, 404 F.3d at 751(internal citations omitted)."Jones v. United States, 366 F. App'x 436, 439-40 (3d Cir. 2010).

Here, Reyes does not contend that he erroneously filed this action in a timely fashion in the wrong forum. Nor can Reyes credibly claim that he was actively misled by the defendants regarding the need to timely file this action. Quite the contrary, the defendant provided Reyes with written notice of his obligation to file this action within six months when it denied his administrative tort claim in May of 2012.

Finally, while Reyes alleges that his prison transfer and the loss of some legal files impeded him in filing this action, we note, first, that Reyes' transfer occurred in January 2012, long before his filing deadline in this litigation. In addition, it is clear that the notices regarding the disposition of Reyes' administrative tort claim, and the instructions that he needed to act within six months of the denial of that claim, were sent to Reyes at his current place of confinement, FCI Schuylkill. Therefore, Reyes' transfer did not impede his receipt of this notice regarding his administrative tort claim and his duty to timely file his complaint. Further, during this same time period from May through November 2012, dozens of other inmate-litigants were able to timely file civil complaints arising out of this food poisoning episode, a factor which undermines Reyes' assertion that unusual, extraordinary obstacles preventing inmate filings. Moreover, the complaint which Reyes belatedly filed some 11 months after his administrative tort claim was denied was simply a 7-page form notice pleading of the

type submitted by numerous other inmates in the course of this litigation. This form pleading merely required Reyes to fill in his name and address in order to tender this complaint to the court, steps which with the exercise of due diligence Reyes should have been able to complete in less than six months. (Doc. 1.) On these facts, we conclude, as other courts have concluded in the past when confronted with similar equitable tolling claims, that this prisoner's transfer did not constitute a circumstance where the plaintiff in some extraordinary way was prevented from asserting his rights, warranting equitable tolling of the statute of limitations. See, e.g. Cruz v. United States, 522 F. App'x 635, 638 (11th Cir. 2013); Galindo v. U.S. Dep't of Justice, 153 F. App'x 333, 334 (5th Cir. 2005). Therefore, equitable tolling of the statute of limitations is inappropriate here and this action is now time-barred

### III.   Conclusion

Finding that this limitations period prescribed by the Federal Tort Claims Act applies here, and bars this claim, and further concluding that Reyes has not presented legal or factual grounds justifying equitable tolling of the statute of limitations, this action will be dismissed as time-barred.

An appropriate order will follow.

-14-

                                        <u>S/Martin C. Carlson</u>
                                        Martin C. Carlson
                                        United States Magistrate Judge

Dated: May 20, 2014.