## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE REYES,** | : | |
| | : | **Civil No. 3:13-CV-974** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## <u>MEMORANDUM OPINION</u>

### I.    <u>Statement of Facts and of the Case.</u>

This case comes before the court on a motion to reconsider our prior opinion and order dismissing this action on statute of limitations grounds. (Doc. 45.) For the reasons set forth below, this motion will be denied.

The pertinent facts here can be simply stated: On April 16, 2013, the *pro se* plaintiff, a federal prisoner formerly housed in the United States Penitentiary, Canaan, brought this action suing the United States and alleging that in June of 2011 the prison served inmates chicken fajitas. (Doc. 1.) According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria. (<u>Id</u>.) Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating. (<u>Id</u>.) Alleging negligence on the part of the prison in the

preparation and service of this food, the plaintiff seeks damages from the United States

pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

On March 17, 2014 the defendant moved to dismiss this complaint, citing a

procedural failure by the plaintiff, a failure to timely file this complaint after

exhausting his administrative remedies. (Doc. 27.) Such timely filing is required by law

before an inmate may proceed into federal court. This motion to dismiss was supported

by a declaration indicating that the plaintiff filed this complaint more than 6 months

after his administrative claim was denied. In particular, the uncontested evidence

showed that following this food poisoning incident Reyes submitted an administrative

tort claim to the Bureau of Prisons Regional Counsel's office on November 9, 2011.

(Doc. 28, Declaration of Kimberly Sutton (Ex. A) ¶ 3; SF-95 (Attach. 1)). Shortly after

filing this claim, on January 17, 2012 Reyes was transferred out of the United States

Penitentiary Canaan to the Federal Correctional Institution Schuylkill. While Reyes

asserted that this transfer impeded his ability to file a complaint, the undisputed facts

belied this assertion. Thus, on March 14, 2012, the Bureau of Prisons provided Reyes

with an acknowledgment of the receipt of his administrative tort claim at his new place

of confinement, FCI Schuylkill. (Doc. 28-1.) Further, several months later, on May 8,

2012, the Bureau of Prisons Regional Office notified Reyes that his tort claim was

denied. (Id., Sutton Decl. ¶ 5; Denial Letter (Attach. 2).) This notification was also

provided to Reyes at his current place of confinement, FCI Schuylkill, and informed

Reyes that if he was dissatisfied with this decision, he "may  bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum." (Id.) Despite this May 8, 2012 written notice that Reyes "may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum," Reyes did not file his complaint for another 11 months, until April 2013. In fact, Reyes' complaint, which was a simple form document, was dated April 11, 2013 and was docketed by the Court on April 16, 2013, almost a year after Reyes was notified that his administrative claim had been denied. (Doc. 1.)

For his part, Reyes initially opposed this motion to dismiss arguing that he was entitled to equitable tolling of this filing deadline since his prison transfer and the loss of some legal files impeded him in filing this action. (Doc. 34.) In our decision dismissing this complaint, we rejected this equitable tolling claim noting, first, that Reyes' transfer occurred in January 2012, long before his filing deadline in this litigation. In addition, we found that it was clear that the notices regarding the disposition of Reyes' administrative tort claim, and the instructions that he needed to act within six months of the denial of that claim, were sent to Reyes at his current place of confinement, FCI Schuylkill. Therefore, Reyes' transfer did not impede his receipt of this notice regarding his administrative tort claim and his duty to timely file his complaint. Further, during this same time period from May through November

2012, we observed that dozens of other inmate-litigants were able to timely file civil complaints arising out of this food poisoning episode, a factor which undermined Reyes' assertion that unusual, extraordinary obstacles preventing inmate filings. Moreover, we found that the complaint which Reyes belatedly filed some 11 months after his administrative tort claim was denied was simply a 7-page form notice pleading of the type submitted by numerous other inmates in the course of this litigation. This form pleading merely required Reyes to fill in his name and address in order to tender this complaint to the court, steps which with the exercise of due diligence Reyes should have been able to complete in less than six months. Accordingly, on these facts, where nearly a year elapsed between the denial of the administrative claim and the filing of this lawsuit, we granted this motion to dismiss and dismissed the plaintiff's complaint. (Docs. 43 and 44.)

Reyes has now filed a motion to reconsider this ruling. (Doc. 45.) That motion simply asserts that Reyes did not receive notice of the denial of his administrative claim, a claim that is contradicted by the records before this court, which show that notice of this denial was sent to Reyes at FCI Schuylkill in May 2012. On the basis of this discredited factual assertion, Reyes asks us to reconsider our ruling in this matter, and reinstate this lawsuit. (Id.) The defendant has opposed this motion, (Doc. 48), and this matter is now ripe for resolution.

For the reasons set forth below, this motion will be denied.

## II.    Discussion

### A.    Motion to Re-Consider–The Legal Standard

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". <u>Dodge v. Susquehanna Univ.</u>, 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Café</u>, 176 F.3d at 677 (quoting <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Id.</u> (citation omitted).
>
> <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc</u>., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. <u>Dodge</u>,

796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### B. Reyes Has Not Presented Grounds Justifying Reconsideration of Our Prior Decision Dismissing This Action

Judged against these exacting benchmarks we find that Reyes has not provided us with grounds which would justify reconsidering our prior opinion and order dismissing this case. At the outset, we note that there has not been an intervening change in the controlling legal standards governing this statute of limitations claims under the FTCA. Quite the contrary, those legal standards remain as they were when we first ruled upon this matter, and continue to provide that the plaintiff's failure to timely pursue this case has substantive significance in this litigation.

As we previously noted, In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White-Squire v. U.S. Postal Serv.,

592 F.3d 453, 456 (3d Cir. 2010).  The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id.  The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity."  Id.  The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674. Therefore, compliance with the procedures prescribed by the FTCA is a prerequisite to obtaining relief under this statute.

One of these prerequisites to suit under the FTCA is that a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

Thus, prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal

agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Moreover, once an administrative claim is addressed by the agency, a dissatisfied claimant must promptly file suit. The failure to timely file a complaint will bar the plaintiff from proceeding in federal court. As the FTCA notes:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The FTCA imposes a twofold obligation of timeliness upon litigants. Thus, under the FTCA there is a two year period in which a claim must be tendered to the affected federal agency for its consideration. Wadhwa v. Nicholson, 367 F. App'x 322, 325 (3d Cir. 2010). Once the agency has acted upon the administrative claim, denying the claim, the plaintiff then has six months in which to proceed to court. Id. Further, "§ 2401(b)'s limitations periods must be read in the conjunctive. See Willis v. United States, 719 F.2d 608, 610–613 (2d Cir.1983); Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir.1987); Ellison v. United States, 531 F.3d 359, 362–63 (6th Cir.2008); Schuler v. United States, 628 F.2d 199, 201–02 (D.C.Cir.1980) (en banc) (per curiam). . . . . [Therefore]  both limitations periods under § 2401(b) must be satisfied in order

for an FTCA complaint to be timely." Seiss v. United States, 792 F. Supp. 2d 729, 732 (D.N.J. 2011).

While "the FTCA's statute of limitations is not jurisdictional, and thus in appropriate circumstances the equitable tolling doctrine can apply in actions under it," Santos ex rel. Beato v. United States, 559 F.3d 189, 194-95 (3d Cir. 2009), equitable tolling requests are judged by exacting legal standards. The touchstone for an equitable tolling request is diligence. Thus, " 'a plaintiff will not receive the benefit of equitable tolling unless []he exercised due diligence in pursuing and preserving h[is] claim' because '[t]he principles of equitable tolling ... do not extend to "garden-variety claims of excusable neglect." ' Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453). The 'remedy of equitable tolling is extraordinary, and we will extend it only sparingly.' Hedges v. United States, 404 F.3d 744, 751 (3d Cir.2005). [In FTCA actions] 'it is especially appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States.' Santos, 559 F.3d at 197 (citing United States v. Kubrick, 444 U.S. 111, 117-19, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979))." Jones v. United States, 366 F. App'x 436, 439 (3d Cir. 2010). Consequently, ' "[e]quitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted

his or her rights mistakenly in the wrong forum.' <u>Hedges,</u> 404 F.3d at 751(internal citations omitted)."<u>Jones v. United States</u>, 366 F. App'x 436, 439-40 (3d Cir. 2010). Furthermore, where a plaintiff fails to show that his claims were subject to these specific grounds for equitable tolling, tolling is unavailable and the statute of limitations serves as a bar to further litigation. <u>See e.g.</u>, <u>Jones v. United States</u>, 366 F. App'x 436, 439-40 (3d Cir. 2010); <u>Hedges v. United States</u>, 404 F.3d 744, 746 (3d Cir. 2005).

Recognizing that there has be no intervening change in controlling case law, and that these longstanding controlling legal standards continue to apply here and govern Reyes' case, we further find that Reyes has not satisfied any of the other grounds provided for by law for a motion to reconsider by showing either: "the availability of new evidence that was not available when the court granted the motion . . . ; or . . . the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc</u>., 602 F.3d 237, 251 (3d Cir. 2010).

Judged against these legal guideposts, we continue to believe that Reyes' claims are barred by the FTCA's statute of limitations. At the outset, given the FTCA's clear proscription that: "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was

presented," 28 U.S.C. § 2401(b), it is clear that this action, which was filed 11 months after Reyes received notice of the final denial of his administrative tort claim is presumptively time-barred.

Reyes cannot save this time-barred claim through equitable tolling of this statute of limitations, or by now belatedly claiming that he did not receive this notice. At the outset, we continue to find that Reyes has failed to meet the first prerequisite for equitable tolling, due diligence. " '[A] plaintiff will not receive the benefit of equitable tolling unless []he exercised due diligence in pursuing and preserving h[is] claim' because '[t]he principles of equitable tolling ... do not extend to "garden-variety claims of excusable neglect." ' Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453)." Jones v. United States, 366 F. App'x 436, 439 (3d Cir. 2010). Here, Reyes has not shown due diligence in pursuing this claim. Rather, his approach towards the important issue of the statute of limitations has been marked by a measure of studied indifference to the statute of limitations, with the plaintiff previously characterizing this important legal limitation as a mere "claims processing" rule.

Furthermore, none of the factual assertions Reyes now belatedly makes in support of this motion to reconsider can fairly be characterized as "new evidence that was not available when the court granted the motion." Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). Quite the contrary, all of these facts would have been known to Reyes at the time we last

litigated this matter. Therefore, any attempt to aver new, or different, facts at this time would be unavailing.

In addition, we note that any tardy due diligence claim now advanced by Reyes fails on another, entirely independent ground. Even if we accepted Reyes' belated assertion that he did not receive notice of the denial of his administrative claim in May 2012, we find that he failed to act with due diligence under the FTCA. By its terms, the FTCA provides that: "The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . ." 28 U.S.C. § 2675(a). In this case it is undisputed that Reyes submitted an administrative tort claim to the Bureau of Prisons Regional Counsel's office on November 9, 2011. (Doc. 28, Declaration of Kimberly Sutton (Ex. A) ¶ 3; SF-95 (Attach. 1)). Therefore, even if we accept Reyes' claim that he was unaware of the denial of that claim in May 2012, from Reyes' perspective by May 2012 the agency's failure to act by statute should have been deemed a denial of the claim triggering an obligation for action on his part. Thus, Reyes' subsequent complete inaction for nearly a year following May 2012 simply does not satisfy the due diligence standard demanded for equitable tolling claims on any set of facts posited by the plaintiff.

Further, we continue to believe that Reyes has not shown that this case falls within any of the three narrow categories where equitable tolling is appropriate. As we have noted, "[e]quitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' <u>Hedges,</u> 404 F.3d at 751(internal citations omitted)."<u>Jones v. United States,</u> 366 F. App'x 436, 439-40 (3d Cir. 2010).

Here, Reyes does not contend that he erroneously filed this action in a timely fashion in the wrong forum. Nor can Reyes credibly claim that he was actively misled by the defendants regarding the need to timely file this action. Quite the contrary, the defendant provided Reyes with written notice of his obligation to file this action within six months when it denied his administrative tort claim in May of 2012.

Finally, while Reyes continues to suggest that his prison transfer in some way impeded him in filing this action, we must note that Reyes' transfer occurred in January 2012, long before his filing deadline in this litigation. In addition, it is clear that the notices regarding the disposition of Reyes' administrative tort claim, and the instructions that he needed to act within six months of the denial of that claim, were sent to Reyes at his current place of confinement, FCI Schuylkill. Therefore, Reyes' transfer did not impede his receipt of this notice regarding his administrative tort claim

and his duty to timely file his complaint. Further, during this same time period from May through November 2012, dozens of other inmate-litigants were able to timely file civil complaints arising out of this food poisoning episode, a factor which undermines Reyes' assertion that unusual, extraordinary obstacles preventing inmate filings. On these facts, we continue to conclude, as other courts have concluded in the past when confronted with similar equitable tolling claims, that this prisoner's transfer did not constitute a circumstance where the plaintiff in some extraordinary way was prevented from asserting his rights, warranting equitable tolling of the statute of limitations. See, e.g. Cruz v. United States, 522 F. App'x 635, 638 (11th Cir. 2013); Galindo v. U.S. Dep't of Justice, 153 F. App'x 333, 334 (5th Cir. 2005). Therefore, equitable tolling of the statute of limitations remains inappropriate here.

### III.   Conclusion

Having found that Reyes has not shown grounds to reconsider our prior ruling, and having found: (1) that this limitations period prescribed by the Federal Tort Claims Act applies here, and bars this claim; and (2) further concluding that Reyes still has not presented legal or factual grounds justifying equitable tolling of the statute of limitations, this motion to reconsider will be denied and this action will remain dismissed as time-barred.

An appropriate order will follow.

_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge

Dated: August 22, 2014.